UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RICHARD MAHOGANY, JR.                          CIVIL ACTION

VERSUS                                         NUMBER: 06-2293

RICHARD STALDER, ET AL.                        SECTION: "I"(5)


### REPORT AND RECOMMENDATION


     This 42 U.S.C. §1983 proceeding was filed  in forma pauperis
by pro se plaintiff, Richard Mahogany, Jr., against defendants
Richard Stalder, Secretary of the Louisiana Department of
Corrections ("DOC"), Warden Jim Rogers of the Washington
Correctional Institute ("WCI"), Angie, Louisiana, and Chairman Lynn
McCloud.

     Plaintiff is an inmate alleges that prison disciplinary
proceedings which were brought against him and which resulted in
the loss of ninety days of "good time" credits were flawed in that
he was never provided with a written statement of the evidence
relied upon or the reasons for the punishment that was imposed.  In
his prayer for relief, Mahogany asks that the lost good time

credits be restored to him, that the results of the disciplinary proceedings be expunged from his prison record, and that he be awarded monetary damages to remedy the alleged due process violation.

Unless and until Mahogany is able to have his disciplinary conviction reversed, expunged, or otherwise declared invalid by a tribunal authorized to make such a determination, he has no §1983 claim for damages and for reinstatement of his lost good time credits. Muhammad v. Close, 540 U.S. 749, 750-51, 124 S.Ct. 1303, 1304 (2004)(citing Edwards v. Balisok, 520 U.S. 641, 117 S.Ct. 1584 (1997)); Clarke v. Stalder, 154 F.3d 186, 189 (5th Cir. 1998)(en banc), cert. denied, 525 U.S. 1151, 119 S.Ct. 1052 (1999). Accordingly, it will be recommended that plaintiff's §1983 claim be dismissed with prejudice to it being asserted again when the Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364 (1994) conditions are met. Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996).

<u>**RECOMMENDATION**</u>

For the foregoing reasons, it is recommended that plaintiff's §1983 claim be dismissed with prejudice to it being asserted again when the Heck conditions are met.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain

error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this  5th  day of _____May_____, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

3